# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-4692
Re: Do the Statutes authorize
the Commissioners' Court of
Cooke County to issue time
warrants drawn on the Gen-
eral Fund for some future
year to pay for an audit
such as the one described,
and related questions?

We have your letter of recent date requesting the
opinion of this Department on the following questions:

"1. Do the statutes authorize the Commis-
sioners' Court to issue time warrants drawn on
the General Fund for some future year to pay for
an audit such as the one proposed?

"2. Is the attempted levy of 1¢ on the one
hundred dollar valuation of taxable property with-
in the County for the year 1943, said levy hav-
ing been made under date of February 9, 1942, a
valid levy, and can time warrants be issued under
the authority of this order without the publica-
tion of a notice of intention to issue such war-
rants?

"3. If time warrants are to be issued as
proposed, under what should such warrants be
designated?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is apparent from the facts stated in your request and excerpts from the Commissioners' Court's minutes that said Court intended to contract for an audit of all the books of all the county officials, and to issue time warrants to pay for such audit. The contract for the audit was executed by the interested parties on the 6th day of March, 1942, and the audit was begun in the latter part of May, 1942, and is now in progress. The Commissioners' Court of Cooke County, Texas, passed an order authorizing an audit of all the books of all the county officials of said county for the period beginning January 1, 1940, to and including December 31st, 1942, at a price not to exceed $600.00 per year, and authorized the County Judge to execute a contract on behalf of the Commissioners' Court. As above stated, the Commissioners' Court intended to issue time warrants to pay for said audit. The Court also passed an order levying a tax of 1¢ on the one hundred dollar valuation, of the constitutional 25¢ tax for General Fund purposes for the year 1943 to be set aside for the purposes of paying the obligation and to create a sinking fund to retire said indebtedness together with 3% interest thereon from date of issue until due.

The first question to be determined is:  Does the Commissioners' Court of Cooke County have the legal authority to issue time warrants drawn on the General Fund to pay for an audit such as the one described?  Article 1641, Vernon's Annotated Civil Statutes provides:

"Any commissioners court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant to audit all or any part of the books, records, or accounts of the county; or of any district, county or precinct officers, agents or employes, including auditors of the counties, and all governmental units of the county, hospitals, farms, and other institutions of the county kept and maintained at public expense, as well as for all matters relating to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct, willful omission or negligence in records and reports, misapplication,

conversion or retention of public funds, failure
in keeping accounts, making reports and accounting
for public funds by any officer, agent or employe
of the district, county or precinct, including
depositories, hospitals, and other public insti-
tutions maintained for the public benefit, and
at public expense; or that in the judgment of the
court, it is necessary that it have the information
sought to enable it to determine and fix proper ap-
propriation and expenditure of public moneys, and
to ascertain and fix a just and proper tax levy.
The said resolution may be presented in writing
at any regular or called session of the commis-
sioners court, but shall lie over to the next regu-
lar term of said court, and shall be published in
one issue of a newspaper of general circulation
published in the county; provided if there be no
such newspaper published in the county, then notice
thereof shall be posted in three public places in
said county, one of which shall be at the court
house door, for at least ten days prior to its
adoption. At such next regular term said resolu-
tion shall be adopted by a majority vote of the
four commissioners of the court and approved by
the county judge. Any contract entered into by
said commissioners court for the audit provided
herein shall be made in accordance with the sta-
tutes applicable to the letting of contracts by
said court, payment for which may be made out of
the public funds of the county in accordance with
said statutes. The authority conferred on county
auditors contained in this title as well as other
provisions of statutes relating to district, coun-
ty and precinct finances and accounts thereof
shall be held subordinate to the powers given here-
in to the commissioners' court."

It will be noted that Article 1641, supra, expressly
provides that payment for an audit made under the provisions
of said statute may be made out of the public funds of the
county. This statute does not authorize the Commissioners'
Court to issue bonds or time warrants for the purpose of pay-
ing for the audit authorized by Article 1641, supra. We have
been unable to find any other statute authorizing the county

to issue bonds or time warrants for such a purpose. The statute under consideration expressly authorizes the Commissioners' Court to contract for the audit provided therein and pay for the same out of the public funds of the county. All county expenditures lawfully authorized to be made by the county must be paid out of the county's General Fund unless there is some law which makes them a charge against a Special Fund. (Bexar County vs. Mann, 157 S. W. (2) 134, citing Williams vs. Carroll, 182 S. W. 29) We have failed to find any statute making the expenditures authorized by Article 1641, supra, a charge against any special fund. Therefore, any expenditures authorized by said statute would have to be paid out of the county's General Fund.

In connection with your first question, we have carefully considered the cases of Adams vs. McGill, 146 S. W. (2) 332 and Bexar County vs. Mann, supra, and do not think that these cases are authority authorizing the issuance of time warrants against the General Fund of the county for purposes above mentioned. The statute under consideration in the Bexar County case, supra, expressly authorized the Commissioners' Court to issue bonds and certificates of indebtedness, warrants, or other obligations to be used for the purposes mentioned in the statute (Article 2907a, Vernon's Annotated Civil Statutes). As the above pointed out, Article 1641, supra, does not authorize the Commissioners' Court to issue bonds, certificates of indebtedness or time warrants to be used for the purposes mentioned in said statute.

The statutes (Articles 2368a, 2372b, Vernon's Annotated Civil Statutes) under consideration in the case of Adams vs. McGill, supra, did not expressly confer the power upon the Commissioners' Court to issue time warrants to pay for the improvements constructed, but the El Paso Court of Civil Appeals held that the Commissioners' Court had implied power to issue time warrants over a period of three years for the construction of a livestock and agricultural exhibition building. In this case, the Court stated, in effect, in the cases of erection of courthouses, jails, and the construction of public roads, it has been often held that the county has the implied power to issue time warrants to pay for the same. As we understand the

Adams case, supra, Article 2372d, supra, did not expressly authorize the Commissioners' Court to issue bonds or warrants for the payment of improvements authorized by said statute but the bond and warrant law, (Article 2368a, Vernon's Annotated Civil Statutes) in effect authorized the issuance of bonds and regulated and limited the issuance of time warrants for the purposes authorized by Article 2372d, supra. We do not think that Article 2368a, supra, authorizes the issuance of bonds or warrants for the purpose set out in Article 1641, supra. Therefore, it is our opinion that the Commissioners' Court of Cooke County has no legal authority to issue time warrants against the General Fund of the county for that purpose.

Since we have held that the Commissioners' Court does not have any legal authority to issue time warrants for the purpose above mentioned, your other questions become moot and require no further consideration.

It is to be understood that we are not attempting to pass on the validity of the contract mentioned in your inquiry or the orders of the Commissioners' Court relative thereto in this opinion, nor do we express any opinion as to the type or kind of warrants issued by the court for the payment of the audit under consideration.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:ff

